**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| PROTECT LAKE PLEASANT, LLC, an Arizona limited liability company, et al., <br><br>    Plaintiffs, <br><br>        vs. <br><br>ROBERT W. JOHNSON, in his official capacity as Commissioner, United States Bureau of Reclamation, et al., <br><br>    Defendants. | No. CIV 07-454 PHX RCB <br><br> O R D E R |

In this action for declaratory and injunctive relief, Plaintiffs allege that the United States Bureau of Reclamation ("BOR"), by authorizing Maricopa County (the "County") to proceed with the development and construction of the proposed Scorpion Bay Marina & Yacht Club ("Scorpion Bay Marina") at Lake Pleasant Regional Park ("LPRP"), violated the Federal Property and Administrative Services Act ("FPASA"), 40 U.S.C. §§ 101 et seq., the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 et seq., and the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401 et seq.

Am. Compl. (doc. # 4) ¶¶ 57-117.  Plaintiffs have filed a motion for preliminary injunction (doc. # 12) seeking to enjoin BOR from issuing a Finding of No Significant Impact ("FONSI") that would authorize the County's construction of Scorpion Bay Marina until such time as BOR has complied with its obligations under NEPA. That motion has been set for hearing on May 8, 2007.  (doc. # 17).

Currently before the Court is a motion to intervene (doc. # 15) filed on March 8, 2007 by Lake Pleasant Marina Partners, LLC ("Marina Partners"), the awardee of the County's contract for the development and operation of the proposed Scorpion Bay Marina.  The matter has been fully briefed.  See Resp. (doc. # 16); Reply (doc. # 20).  Having carefully considered the arguments raised, the Court now rules.

**I.    DISCUSSION**

Marina Partners has moved to intervene as a defendant in this matter pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, or, in the alternative, pursuant to Rule 24(b).  Mot. (doc. # 15) at 1-2.[1]

**A. Intervention of Right**

To intervene as a matter of right, an applicant must satisfy the following four part test:

> (1) the motion must be timely; (2) the applicant must assert a "significantly protectable" interest relating to property or a

---

[1] Intervention may also be permitted when a federal statute confers a conditional or unconditional right to intervene on the party seeking intervention.  See Fed. R. Civ. P. 24(a)(1) (statutory intervention of right), 24(b)(1) (statutory permissive intervention). However, Marina Partners does not cite to, nor is the Court aware of, any federal statutory authority that would require or allow the Court to permit Marina Partners' intervention in this matter.

>transaction that is the subject matter of
>litigation; (3) the applicant must be situated
>so that disposition of [the] action may as a
>practical matter impair or impede the interest;
>and (4) the applicant's interest must be
>inadequately represented by the parties.

Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1107-08 (9th Cir. 2002) (citing Wetlands Action Network v. United States Army Corps of Eng'rs, 222 F.3d 1105, 1113-14 (9th Cir. 2000)); Fed. R. Civ. P. 24(a)(2).

Under Ninth Circuit law, private intervenor-defendants in NEPA actions generally "may not intervene as of right pursuant to Rule 24(a)," on the rationale that "the federal government is the only proper defendant in an action to compel compliance with NEPA," and "on the premise that private parties do not have a significant protectable interest in NEPA compliance actions." Kootenai Tribe of Idaho, 313 F.3d at 1108 (internal quotations and citation omitted); see also id. at 1126 (Kleinfeld, J., concurring in part) (concurring with the majority's rejection of the private intervenor-defendants' intervention of right under Rule 24(a)).

Both Plaintiffs and Marina Partners misconstrue the Ninth Circuit's rationale for denying Rule 24(a) intervention in Wetlands Action Network as relying on the adequacy of the government's representation in NEPA actions. See Resp. (doc. # 16) at 2-3; Reply (doc. # 20) at 3-4. However, in denying intervention of right in both Wetlands Action Network and Kootenai Tribe, the Ninth Circuit has unambiguously held that private parties do not have a significant protectable interest to intervene as defendants in NEPA actions. See Kootenai Tribe of Idaho, 313 F.3d at 1108 (quoting Wetlands Action Network, 222 F.3d at 1114).

Marina Partners contends that the aforementioned authorities, dealing only with NEPA claims, do not require the rejection of their intervention of right with respect to Plaintiffs' other claims. Reply (doc. # 20) at 1-5. The Court disagrees. As the Ninth Circuit explained in Kootenai Tribe, private parties may not intervene as defendants in NEPA actions under Rule 24(a), "'because NEPA requires action only by the government, [and] only the government can be liable under NEPA.'" Kootenai Tribe of Idaho, 313 F.3d at 1108 (quoting Wetlands Action Network, 222 F.3d at 1114). In other words, "[b]ecause a private party can not violate NEPA, it can not be a defendant in a NEPA compliance action,'" and, therefore, does not have a significant protectable interest required to intervene as a matter of right. Id. The Court finds this rationale, which supports the rejection of Marina Partners' intervention of right with respect to Plaintiffs' NEPA claims (Counts Two and Four[2]), to be equally applicable to Plaintiffs' FPASA and CAA claims (Counts One and Three).

In their FPASA claim, Plaintiffs allege that BOR violated federal procurement laws, their implementing regulations, and BOR policies by (1) failing to ensure that the County's 2005 Request For Proposal ("RFP") complied with the same, and (2) approving the

---

[2] Marina Partners characterizes Count Four as a due process claim, Reply (doc. # 20) at 1-2, 4-5, ostensibly because the words "due process" appear in the complaint, see Am. Compl. (doc. # 4) ¶ 115. However, it is clear that Count Four raises a NEPA claim relating to BOR's alleged failure to prepare a supplement after there had been changes to the information it had originally made available for public review and comment. Id. ¶¶ 114-17. Therefore, under Kootenai Tribe, Marina Partners' intervention of right fails with respect to Count Four as it does with respect to Count Two, because both are NEPA claims.

1  Proposed Use Management Agreement ("Proposed UMA") entered into
2  between the County and Marina Partners for the development of
3  Scorpion Bay Marina.  Am. Compl. (doc. # 4) ¶¶ 57-84.  Because
4  Marina Partners cannot be liable for BOR's alleged noncompliance
5  with federal procurement laws, it does not have a significant
6  protectable interest required for intervention of right as a
7  private defendant.  See Kootenai Tribe of Idaho, 313 F.3d at 1108;
8  5 U.S.C. § 706(2)(A); 40 U.S.C. § 121(c); 41 C.F.R. § 105-71.136;
9  43 C.F.R. § 12.76.
10       Similarly, Plaintiffs' CAA claim, which alleges that BOR
11 failed to accurately and thoroughly quantify all emission sources
12 in its FONSI and Final Environmental Assessment, involves conduct
13 for which BOR, not Marina Partners, is liable.  See Am. Compl.
14 (doc. # 4) ¶¶ 105-13; 42 U.S.C. § 7506(c)(1); 40 C.F.R. §§ 51.853,
15 93.153.  Because Marina Partners, as a private party, is not a
16 proper defendant with respect to any of Plaintiffs' claims, it does
17 not have a significant protectable interest to warrant intervention
18 of right under Rule 24(a).  See Kootenai Tribe of Idaho, 313 F.3d
19 at 1108.  Therefore, its request for intervention pursuant to Rule
20 24(a) will be denied.
21       **B. Permissive Intervention**
22       A court may grant permissive intervention pursuant to Rule
23 24(b) when an applicant for intervention shows "(1) independent
24 grounds for jurisdiction; (2) the motion is timely; and (3) the
25 applicant's claim or defense, and the main action, have a question
26 of law or a question of fact in common." S. Cal. Edison Co. v.
27 Lynch, 307 F.3d 794, 803 (9th Cir. 2002) (internal quotations and
28 citation omitted); Fed. R. Civ. P. 24(b)(2).  Even when these

- 5 -

requirements are met, the court has discretion to deny permissive intervention. S. Cal. Edison Co., 307 F.3d at 803. In exercising its discretion, the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2).

In the present case, there is no dispute as to the timeliness of Marina Partners' motion. However, the arguments raised and the circumstances of this case demand closer inquiry into (1) the existence of independent grounds for jurisdiction over Marina Partners' proposed intervention, and (2) the commonality requirement for permissive intervention.

**1. Standing**

Plaintiffs argue that Marina Partners cannot intervene in this matter, because it lacks standing. Resp. (doc. # 16) at 3. Article III standing is a jurisdictional question, and the Ninth Circuit has required applicants seeking to intervene as defendants in NEPA actions to demonstrate their standing in order to establish the "independent grounds for jurisdiction" required for Rule 24(b) intervention. See Kootenai Tribe of Idaho, 313 F.3d at 1109. In order to satisfy Article III's standing requirements, a party must show that

> (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81 (2000) (internal quotation omitted). "Intervenors in

- 6 -

1  environmental litigation satisfy the injury in fact requirement by
2  showing that group members have direct contact with the
3  environmental subject matter threatened by an adverse decision."
4  Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1398 (9th Cir.
5  1995).  In addition to these constitutional requirements, standing
6  to bring suit for judicial review of federal agency action under
7  the Administrative Procedure Act, 5 U.S.C. §§ 500 et seq., requires
8  a showing that the interest to be vindicated is arguably within the
9  "zone of interests" to be protected or regulated by the statute in
10 question.  Cantrell v. City of Long Beach, 241 F.3d 674, 679 (9th
11 Cir. 2001).  "[T]he relevant statute . . . is the statute whose
12 violation is the gravamen of the complaint."  Lujan v. Nat'l
13 Wildlife Fed'n, 497 U.S. 871, 886 (1990).
14      In support of its standing, Marina Partners describes the
15 nature of its anticipated injury as follows:
16          The impact and injury to BOR of granting the
            Plaintiffs [sic] requested relief does not at
17          any level duplicate the effect such relief
            would have on [Marina Partners]-- the business
18          that will depend on the proposed Scorpion Bay
            Marina.  The effects of the requested relief on
19          [Marina Partners] include lay-offs, significant
            losses of business, impacts on existing
20          contracts, and threatens the very existence of
            Lake Pleasant Marina itself.
21
22 Reply (doc. # 20) at 4; see also Mot. (doc. # 15) at 2
23 ("Plaintiffs' requested relief will impair or impede [Marina
24 Partners'] ability to protect its interest in the Scorpion Bay
25 Facility . . . .").  The Court is satisfied that Marina Partners
26 has sufficiently demonstrated its standing to intervene as a
27 defendant in this matter.  As the awardee under the County's RFP
28 process for the development and operation of the proposed Scorpion

Bay Marina, Marina Partners has established an injury in fact by virtue of its direct contact with LPRP. See Idaho Farm Bureau Fed'n, 58 F.3d at 1398. It is beyond reasonable dispute that the economic injury to Marina Partners contemplated by Plaintiffs' requested injunctive relief is concrete and imminent, that it is fairly traceable to the challenged BOR action in this case, and that the injury is likely to be redressed by a favorable decision in this action.

Moreover, for purposes of Plaintiff's NEPA, CAA, and FPASA claims, the Court is satisfied that Marina Partners' economic interest in the development and operation of the proposed Scorpion Bay Marina qualifies as a legal interest within the zone of interests to be regulated or protected by those statutes. See, e.g., Pac. Northwest Generating Coop. v. Brown, 38 F.3d 1058, 1065-66 (9th Cir. 1994) (finding that plaintiffs, purchasers of hydro-power, had standing to sue under the Endangered Species Act to challenge flow restrictions imposed to protect salmon, which resulted in higher power costs to plaintiffs); Cent. Ariz. Water Conservation Dist. v. EPA, 990 F.2d 1531, 1537-38 (9th Cir. 1993) (finding that water district had standing to challenge EPA regulation under the Clean Air Act requiring installation of emission controls that would cost $430 million initially and $89.6 million annually thereafter). Accordingly, the Court finds that Marina Partners has standing to intervene, and that there exist independent grounds for jurisdiction over its proposed intervention under Rule 24(b).

### 2. Commonality Requirement

An applicant seeking permissive intervention must show that

its "claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). Marina Partners contends that, as an intervenor, it "need not directly assert a 'claim or defense' in the classical sense of the term" to satisfy this commonality requirement. Reply (doc. # 20) at 8. Plaintiffs have not raised any argument on this point, because they have erroneously assumed that Marina Partners did not seek permissive intervention under Rule 24(b)(2). See Resp. (doc. # 16) at 3. The Court, on its own review, concludes that Marina Partners' defenses raise legal and factual questions common to the main action.

Rule 24(b)(2) "'does not specify any particular interest that will suffice for permissive intervention,'" and "'it plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation.'" Kootenai Tribe of Idaho, 313 F.3d at 1108 (quoting 7C Wright, Miller & Kane, Federal Practice and Procedure § 1911, 357-63 (2d ed. 1986)). In Kootenai Tribe, the Ninth Circuit held that private intervenor-defendants in a NEPA action satisfied the literal requirements of Rule 24(b)'s commonality standard by "assert[ing] defenses of the [challenged agency action] directly responsive to the claims of injunction asserted by plaintiffs." Id. at 1110. The court acknowledged that the intervenor-defendants had not demonstrated a significant protectable interest warranting intervention of right under Wetlands Action Network, but emphasized that the Rule 24(a) issue "does not control application of Rule 24(b)." Id.

Although it is not required to do so under Rule 24(b), Marina Partners has shown a direct personal and pecuniary interest in the

- 9 -

1  proposed Scorpion Bay Marina at LPRP that is the subject of this
2  litigation.  As discussed above at Part I.A, <u>supra</u>, this is not a
3  significant protectable interest warranting intervention of right
4  under Rule 24(a), but that argument does not control the outcome
5  under Rule 24(b).  <u>See</u> <u>id.</u> at 1109-10.  Like the intervenor-
6  defendants in <u>Kootenai-Tribe</u>, Marina Partners "seeks to squarely
7  address the relief sought by Plaintiffs in their Complaint and
8  request for Preliminary Injunction," because "[t]he issues of law
9  and fact presented are of great interest to Lake Pleasant Marina."
10 Reply (doc. # 20) at 7-8.  While the <u>Kootenai-Tribe</u> intervenor-
11 defendants had asserted environmental injury, <u>see</u> <u>Kootenai-Tribe of</u>
12 <u>Idaho</u>, 313 F.3d at 1110-11, the economic injury faced by Marina
13 Partners is also a sufficient interest to confer standing under the
14 environmental and federal procurement statutes at issue in this
15 case.  In sum, the Court finds that Marina Partners' asserted
16 defenses raise legal and factual questions common to the main
17 action.  <u>See</u> Answer (doc. # 14); Fed. R. Civ. P. 24(b)(2).
18      Finally, in exercising its discretion, the Court considers
19 whether Marina Partners' "intervention will unduly delay or
20 prejudice the adjudication of the rights of the original parties."
21 Fed. R. Civ. P. 24(b)(2).  Marina Partners has agreed to be bound
22 by the same deadlines and briefing schedules as the original
23 parties, and so the Court finds that its intervention will not
24 occasion any undue delay or prejudice in the resolution of this
25 matter.  Because Marina Partners has timely moved for intervention,
26 established independent grounds for jurisdiction, and asserted
27 defenses sharing legal and factual issues common to the main
28 action, its request for intervention under Rule 24(b) will be

granted.

## II. CONCLUSION

In light of the foregoing analysis,

IT IS ORDERED that Lake Pleasant Marina Partners, LLC's motion to intervene (doc. # 15) is GRANTED. Pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure, Lake Pleasant Marina Partners, LLC is permitted to intervene as a defendant in this matter.

DATED this 13th day of April, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record